IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT REEDY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security Administration,<br><br>　　　　Defendant. | Case No. 2:06-CV-805 SA<br><br><br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

Before the court is an action filed by Plaintiff, Robert Reedy, asking the court to reverse the final agency decision denying Plaintiff's application for Supplemental Security Income (hereafter "SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383c.  The Administrative Law Judge (hereafter "ALJ") found that Plaintiff was not disabled because Plaintiff has the residual functional capacity (hereafter "RFC") to perform light work, and taking into consideration Plaintiff's age, education, employment experience, and RFC, the Medical-

---

[1]On February 1, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

Vocational Guidelines (hereafter "the grids") direct a finding of "not disabled."

Plaintiff now challenges the ALJ's decision by arguing that it is legally erroneous.  Specifically, Plaintiff argues the ALJ erred in making his assessment of Plaintiff's RFC because he failed to consider all of Plaintiff's impairments.

The court has carefully considered the parties' memoranda and the complete record in this matter and concludes that oral arguments would not materially assist it in the determination of this case.  Based on the analysis set forth below, the court recommends that Plaintiff's request that the court reverse and remand the ALJ's decision be denied.

## BACKGROUND

Plaintiff protectively applied for SSI on May 6, 2004, alleging disability based on glaucoma, blindness in his right eye, diabetes, bi-lateral carpal tunnel, and numbness in his hands.  (Docket Entry #5, The Certified Copy of the Transcript of the Entire Record of the Administrative Proceedings Relating to Robert Reedy (hereafter "Tr. __"), 45-49, 55.)  Plaintiff's application was denied initially (Tr. 25) and upon reconsideration (Tr. 26).[2]  After a hearing before the Administrative Law Judge (hereafter "ALJ") on May 5, 2005 (Tr.

---

[2]Previously, Plaintiff had filed an application for disability insurance benefits that was denied initially on May 20, 2000, and was not appealed.  (Tr. 52.)

186-209), the ALJ issued a decision on July 18, 2005, finding that Plaintiff was not disabled because, taking into consideration Plaintiff's age, education, employment experience, and RFC, the grids directed a finding of "not disabled" (Tr. 14-24).  On April 3, 2006, the Appeals Council declined to review the ALJ's determination (Tr. 4-6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481.

On September 21, after receiving the Appeals Council's denial of his request for review, Plaintiff filed his complaint and the case was assigned to United States District Judge Dee Benson.  (File Entry #3.)  Defendant filed his answer and the administrative record on November 6 and 7, 2006.  (File Entries #4, 5.)  Plaintiff filed his brief on January 26, 2007 (File Entry #10) and Defendant filed his brief on February 20, 2007 (File Entry #11).  Plaintiff did not file a response brief.

Because the parties consented to the magistrate judge conducting all proceedings in this case, including final judgment entry, on August 14, 2007, Judge Benson referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(c).  (File Entry #12.)

## STANDARD OF REVIEW

The court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether correct legal standards were

3

applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *accord Pisciotta v. Astrue*, 218 Fed. Appx. 765, 766 (10th Cir. 2007). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Besides the lack of substantial evidence, reversal may be appropriate where the Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Secretary of Health and Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

Plaintiff's argument is that the ALJ erred in his RFC determination because he failed to consider all of Plaintiff's impairments. Specifically, Plaintiff argues that the ALJ did not discuss either Plaintiff's non-exertional limitations of pain and fatigue or Plaintiff's bilateral wrist and hand pain, which had been diagnosed as carpal tunnel syndrome. Plaintiff argues that by failing to discuss these limitations, the ALJ erred because the ALJ is required to consider all of Plaintiff's impairments, whether severe or non-severe, in assessing Plaintiff's RFC. Plaintiff also argues that the ALJ additionally erred by relying on the grids because Plaintiff had these non-exertional impairments.

In his decision, the ALJ evaluated Plaintiff's statements regarding his pain and other symptoms. In accordance with 20 C.F.R. § 416.929 and Social Security Ruling 96-7p, the ALJ considered Plaintiff's statements in light of the objective medical findings and other evidence, such as Plaintiff's daily activities; the location, duration, frequency, and intensity of Plaintiff's pain; precipitating and aggravating factors; use of medications; treatment other than medications; other measures used to relieve pain; and other factors concerning his functional limitations and restrictions due to his symptoms. (Tr. 21.) The ALJ noted that Plaintiff required very sporadic medical care despite his alleged disabling pain and other symptoms. (Tr. 22.) The ALJ noted that Plaintiff had received only very minimal medical care from July 2003 through the time of the ALJ's decision, and that while Plaintiff alleged dizziness, no neurological work up had ever been performed. (Tr. 22.) The ALJ also noted that despite Plaintiff's allegations of disabling hand pain, no EKG test had ever been conducted. (Tr. 22.)

The ALJ further noted that although Plaintiff indicated that his ability to do physical activity was severely limited, Plaintiff walked approximately 30 minutes a day for exercise; Plaintiff frequently drew pictures for 30 to 45 minutes before needing to rest; Plaintiff was able to shower, shave, feed himself, and care for his lawn; and Plaintiff washed his own clothes, went to the store, and rode the bus. (Tr. 22.)

In addition, the ALJ noted that although the Plaintiff had testified that he was last imprisoned three years before the ALJ hearing, the medical evidence indicated that Plaintiff was incarcerated from late 2001 through February 2003.  The ALJ found this discrepancy noteworthy because although Plaintiff had testified that he stopped working because he got too dizzy, in fact Plaintiff apparently was forced to stop working due to his incarceration.  (Tr. 22.)

Thus, based on his thorough review of the record, the ALJ found that Plaintiff's subjective statements regarding pain and other symptoms, such as fatigue, not to be credible in light of the medical evidence and Plaintiff's statements and conduct. (Tr. 21-22, 23.)  As such, the ALJ did not fail to discuss Plaintiff's alleged non-exertional limitations.  Instead, after evaluating Plaintiff's statements regarding his alleged non-exertional limitations, the ALJ found them not to be credible. It is because the ALJ found those non-exertional limitations not to be credible that he did not include them in his RFC assessment.  Plaintiff has not challenged the ALJ's credibility finding in the case now before this court.  As a result, the court accepts the ALJ's credibility finding and rejects Plaintiff's argument that the ALJ erred by failing to consider Plaintiff's non-exertional limitations in assessing Plaintiff's RFC.

The court also has specifically examined the ALJ's treatment of Plaintiff's diagnosis of carpal tunnel syndrome to determine whether the ALJ erred by failing to include this limitation in assessing Plaintiff's RFC.  In determining whether Plaintiff's alleged carpal tunnel syndrome was a severe impairment, the ALJ explained that no longitudinal history of carpal tunnel syndrome exists; that in an emergency room evaluation on June 28, 2003, physical examination of the upper extremities revealed no areas of tenderness, swelling, or deformity; and that on August 13, 2003, Dr. Shen noted that Plaintiff's extremities were without edema.  (Tr. 18.)  The ALJ further explained that Plaintiff's first report of hand pain was not noted until April 27, 2004, when Plaintiff reported that he had pain and numbness in his hands caused by an old work related injury, that--according to Plaintiff--he had difficulty using his hands "whatsoever," but that he had not received any recent medical treatment for his hands.  (Tr. 18.)  At that time, Plaintiff asked the doctor for pain medications and stated that he had been buying pain medications on the street.  The doctor's examination of Plaintiff's hands revealed cracking and dryness bilaterally, with stiff range of motion, but the doctor was unable to assess strength, although he noted that Plaintiff did not have any major deficits.  A Tinels test was positive, but a Phalens test could

not be assessed.[3]  The doctor described Plaintiff's alleged condition as a "difficulty situation," with unclear etiology. The doctor denied Plaintiff's request for pain medications and instead scheduled an EMG test, which Plaintiff never had done. (Tr. 18-19.)  As set forth above, the ALJ also evaluated Plaintiff's credibility regarding his allegations of pain and other limitations, including those related to his alleged carpal tunnel syndrome, and found that those allegations were not credible, and Plaintiff has not disputed that finding.

Thus, the court concludes that the ALJ did not err by not including Plaintiff's reports of wrist and hand pain in his RFC assessment.  The ALJ found that Plaintiff's statements regarding his wrist and hand pain, related to his alleged carpal tunnel syndrome, were not credible, and Plaintiff has not disputed that

---

[3] Citing to Frank L. Urbano, M.D., "Tinel's Sign and Phalen's Maneuver:  Physical Signs of Carpal Tunnel Syndrome," *Hospital Physician,* 39-44, July 2000, the Government notes that neither the Phalen nor Tinel test is considered to be reliable in diagnosing carpal tunnel syndrome.  As the Government explains, the Phalen's test is a diagnostic test for carpal tunnel syndrome which involves a patient holding his wrists in complete and forced flexion for 30-60 seconds, and relies on a subjective response by a patient as to whether he experiences burning, tingling, or numbness.  The Tinel's test is also a diagnostic test in which a hand or reflex hammer gently taps the ulnar nerve as it passes along the inside of the elbow, and also relies on a subjective response by the patient as to whether he experiences pain, numbness, or tingling.  Citing to Dr. Urbano's article, the Government asserts that carpal tunnel syndrome can only be accurately diagnosed by electrodiagnostic testing, and Plaintiff has never undergone such testing.  In fact, Plaintiff failed to keep an appointment to undergo an EMG test scheduled by Dr. Walker.  (Tr. 97.)

credibility finding.  In addition, the ALJ explained the basis of his finding that Plaintiff's alleged carpal tunnel syndrome had never been properly diagnosed.  The record lacked both the requisite objective medical evidence to support the diagnosis and the longitudinal history of Plaintiff's complaints associated with carpal tunnel syndrome.  *See* 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statements of symptoms.")

Finally, because the court rejects Plaintiff's arguments that the ALJ erred by failing to include the non-exertional impairments in the RFC assessment, the court also rejects Plaintiff's argument that the ALJ erred by relying on the grids because Plaintiff had these non-exertional impairments.  *See Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999) (explaining that if the ALJ finds that a claimant's exertional capacity, education, age, and skills fit precisely within the criteria of a particular grid level, the ALJ may base a determination of nondisability conclusively on the grids); *Thompson*, 987 F.2d at 1488 (stating the ALJ may rely on the grids if he finds that the claimant has no significant nonexertional impairments, can perform a full range of work on a daily basis, and can perform most of the jobs in that RFC level).

**ORDER**

In summary, the court rejects Plaintiff's argument that the ALJ erred in assessing Plaintiff's RFC.  As a result, **IT IS HEREBY ORDERED** that Plaintiff's request to remand the Commissioner's decision is **DENIED.**

DATED this 21st day of August, 2007.

BY THE COURT:

_Samuel Alba_
Samuel Alba
United States Chief Magistrate Judge